## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NATHAN E. DAWSON,

     **Plaintiff,**

     v.                            CASE NO.  23-3049-JWL

SEDGWICK COUNTY DETENTION
CENTER, et al.,

     **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Nathan E. Dawson is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility, his claims arose during his detention at the Sedgwick County Adult Detention Facility in Wichita, Kansas ("SCADF").  The Court granted Plaintiff leave to proceed in forma pauperis.  On February 24, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC.  This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 7).  The Court's screening standards are set forth in the Court's MOSC.

Plaintiff alleges that in September 2022 he was injured while working as a trustee at SCADF.  (Doc. 7, at 7.)  Plaintiff alleges that he reported that same day to Cpl. Toombs and

Deputy Atkinson. *Id*. Plaintiff alleges that the same day an inmate punched the kiosk and broke it, and it wasn't fixed for weeks. *Id*. Plaintiff was told he needed to walk to the clinic to receive his pain medication and that they only bring some to the pod. *Id*. Plaintiff claims he was "left in the pod unable to walk & had to urinate in cups & was constantly called to the clinic by master-control & EVERY TIME [he] begged them to send a wheelchair & for over a week they wouldn't." *Id*. Plaintiff claims that he finally tried to walk and collapsed in the hall on the way to the clinic. *Id*. Shelby Maskrid was working in the medical clinic and called a code. *Id*. Plaintiff was brought back and left in the trustee pod still unable to walk. *Id*.

Plaintiff claims Deputy Borsh "had enough" and called Lt. Barth to have Plaintiff housed in the clinic. *Id*. at 8. Sammy Dawson packed Plaintiff's stuff for him, but when Plaintiff arrived at the clinic, he was told there was no room for him. Deputy Thiessen and Windsor put Plaintiff in a wheelchair and moved him to Pod 17. *Id*. Both of the deputies apologized and said "this wasn't right." *Id*. The next morning, Cpl. Ferris showed up and told Plaintiff he was being moved to Pod 8. *Id*. When Plaintiff told her he couldn't do it because he was hurt, she threatened Plaintiff with going to the hole. *Id*. Plaintiff claims he hurt himself packing and requested a wheelchair. *Id*. After Ferris left the deputy on shift got Plaintiff a wheelchair. *Id*. at 9. Plaintiff alleges that although he was on chronic care and has been "lower level restricted" he was moved to Pod 11 and housed upstairs. *Id*.

Plaintiff alleges the denial of medical care, cruel and unusual punishment, deliberate indifference, pain and suffering, and mental anguish. *Id*. at 2. Plaintiff names as defendants: Sheriff Jeff Easter; Vital Core Director of Nursing; Corporal (fnu) Ferris; Vital Core; Wellpath; and Colonel (fnu) Shecktor. Plaintiff seeks $400,000 for pain and suffering, mental anguish, cruel and unusual punishment, and gross negligence. *Id*. at 5, 9.

## II.  DISCUSSION

"[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component."  *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same standard for Eighth Amendment claims applies).  To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension."  *Id*. at 989–90 (citations omitted).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id*. at 990 (citation omitted).  The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."  *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay.  *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted).  "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'"  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff must also satisfy the subjective prong.  The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).  "A plaintiff 'need not show

that a prison official acted or failed to act believing that harm actually would befall an inmate,' but rather that the official 'merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.'" *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023) (quoting *Farmer*, 511 U.S. at 842, 843 n.8).

The Tenth Circuit recently clarified that "it is possible to have some medical care and still state a claim under the gatekeeper theory." *Id*. at 1139. "The inquiry under a gatekeeper theory is not whether the prison official provided *some* care but rather whether they fulfilled their sole obligation to refer or otherwise afford access to medical personnel capable of evaluating a patient's treatment needs when such an obligation arises." *Id*. (citations omitted). Under the deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability." *Id*. "Instead, a court may need to determine whether there was the functional equivalent of a complete denial of care in light of the specific circumstances." *Id*. (citations omitted).

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis

added) (citation omitted)).   Conclusory allegations of involvement are not sufficient.   *See*
*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . .
§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the
official's own individual actions, has violated the Constitution.").   As a result, a plaintiff is
required to name each defendant not only in the caption of the complaint, but again in the body
of the complaint and to include in the body a description of the acts taken by each defendant that
violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*,
545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983
liability).   An official's liability may not be predicated solely upon a theory of respondeat
superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4
(10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).   A plaintiff alleging supervisory liability
must show "(1) the defendant promulgated, created, implemented or possessed responsibility for
the continued operation of a policy that (2) caused the complained of constitutional harm, and (3)
acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*
*v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).   "[T]he
factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional
provision at issue, including the state of mind required to establish a violation of that provision."
*Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

An assertion of collective responsibility fails to adequately allege a claim for relief
against a specific defendant.  *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020);
*Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of
either the collective term 'Defendants' or a list of the defendants named individually but with no

distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.") (citation omitted).  A plaintiff alleging civil rights violations must "isolate the allegedly unconstitutional acts of each defendant" such that his allegations "provide adequate notice as to the nature of the claims against each" defendant. *Id*.  Allegations that a plaintiff's "rights 'were violated' or that 'defendants,' as a collective or undifferentiated whole, were responsible for those violations" are insufficient to support § 1983 claims. *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013) (citation omitted).

Plaintiff does not mention Sheriff Easter, Vital Core, Wellpath, or Colonel Shecktor, in the body of his Amended Complaint.  Defendant Ferris is the only named defendant Plaintiff mentions in the body of his Amended Complaint.  Plaintiff alleges that Ferris refused to get a wheelchair for Plaintiff on one occasion, but acknowledges that the deputy on shift provided Plaintiff with a wheelchair.

Plaintiff has failed to show that the only defendant mentioned in the body of the Amended Complaint was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.  Plaintiff does not allege that Ferris disregarded a medical order for a wheelchair or that she was aware of an injury requiring a wheelchair or that such an injury was obvious.

Plaintiff has failed to state a claim regarding his transfer to an upper-level pod. Plaintiff fails to state when he received a medical order for a lower-level restriction, when he was moved to an upper-level pod, and who ordered the transfer.  Plaintiff does not allege that he notified staff of any restriction or that he sought to be relocated to a lower-level pod.  Plaintiff fails to

provide sufficient allegations in support of any claim regarding his transfer to an upper-level pod.

Plaintiff seeks damages for pain and suffering and mental anguish. A request for compensatory damages is barred by 42 U.S.C. § 1997e(e), unless a plaintiff alleges a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## IV.  Response Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein. If Plaintiff fails to respond by the deadline, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 24, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated March 28, 2023, in Kansas City, Kansas.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**