IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHAN E. DAWSON,

    **Plaintiff,**

    v.                                                                   CASE NO. 23-3049-JWL

SEDGWICK COUNTY DETENTION
CENTER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility, his claims arose during his detention at the Sedgwick County Adult Detention Facility in Wichita, Kansas ("SCADF"). The Court granted Plaintiff leave to proceed in forma pauperis. On February 24, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff filed an Amended Complaint (Doc. 7), and the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC II"), ordering Plaintiff to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC II.

The Court found in the MOSC II that an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions— personal participation in the specific constitutional violation complained of is essential.") (citing

*Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

The Court found that Defendant Ferris is the only named defendant Plaintiff mentions in the body of his Amended Complaint.  Plaintiff alleges that Ferris refused to get a wheelchair for Plaintiff on one occasion, but acknowledges that the deputy on shift provided Plaintiff with a wheelchair.  The Court found that Plaintiff failed to show that the only defendant mentioned in the body of the Amended Complaint was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.  Plaintiff does not allege that Ferris disregarded a medical order for a wheelchair or that she was aware of an injury requiring a wheelchair or that such an injury was obvious.

The MOSC II provides that "[i]f Plaintiff fails to respond by the deadline, this matter may be dismissed without further notice for failure to state a claim."  (Doc. 8, at 7.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated May 1, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE